**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

STEVEN GIBERSON,
Plaintiff-Appellant,

v.                                                                No. 96-1577

FLEET FINANCE, INCORPORATED,
Defendant-Appellee.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Frederic N. Smalkin, District Judge.
(CA-95-368-S)

Argued: January 30, 1997

Decided: March 7, 1997

Before LUTTIG and WILLIAMS, Circuit Judges, and CLARKE,
Senior United States District Judge for the Eastern District
of Virginia, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Frances C. Gambo, Lutherville, Maryland, for Appellant.
William Joseph Anthony, JACKSON, LEWIS, SCHNITZLER &
KRUPMAN, Morristown, New Jersey, for Appellee. **ON BRIEF:**
John M. Nolan, JACKSON, LEWIS, SCHNITZLER & KRUPMAN,
Morristown, New Jersey; Jeffrey P. Ayres, VENABLE, BAETJER &
HOWARD, L.L.P., Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant Steven Giberson brought suit against Fleet Finance, Inc., alleging that Fleet discriminated against him because of his age in violation of the Age Discrimination in Employment Act. The district court granted Fleet's motion for summary judgment on the ground that Giberson had failed to present a triable issue of fact regarding the reason for his termination. We affirm on the reasoning of the district court.

The extensive, unrefuted evidence that Giberson violated Fleet's fiscal policies establishes a legitimate, nondiscriminatory business reason for Giberson's termination. Giberson was repeatedly warned that his failure to follow company policy with respect to proper procedures for approval, documentation, and collection of loans could result in discipline or termination. For example, on April 21, 1988, Mel Wach, Vice President of Operations for Fleet, wrote Giberson to inform him that his performance remained deficient in certain areas:

> Your lack of efforts in solicitation and losses year-to-date are totally unacceptable. Do you need to be reminded that we are in the loan business? . . . I realize you have made top profits and have won office of the month, however you must also learn to operate 100% within policy and procedure.

J.A. at 63. On November 22, 1988, Wach again wrote to Giberson, stating that a recent visit to Giberson's branch showed that Giberson's performance was

> totally unacceptable and must be rectified now. This memo is to serve as your written notice that we are willing to give you a period of 90 days from the above date to resolve all problem areas in your office, learn and implement all com-

2

> pany policy and procedures, and produce results in line with
> the goals assigned you in your visit.

J.A. at 64.

On December 6, 1991, Fleet employees Jim Blythe, Linda Koch, and Ron Boiter met with Giberson and instructed him that he needed to correct certain deficiencies in his compliance with company policy and conduct himself in a more professional manner. J.A. at 68-69. On January 25, 1993, Vicky Thompson, Vice President for Fleet, wrote Giberson regarding his failure to charge off accounts as required by company policy, concluding "Steve, this is the last warning you will receive about not following policy and not complying with the requirements of your position. Any future violations will result in termination." J.A. at 70. In March, 1993 Kenneth Setzekorn, Assistant Vice President for Fleet, audited the Baltimore 6 branch and gave Giberson specific instructions; the next month Setzekorn found that Giberson had ignored his specific instructions. J.A. at 71-72. Thompson terminated Giberson's employment effective April 12, 1995.

Giberson's repeated failure to comply with Fleet's fiscal policies establishes a legitimate, nondiscriminatory reason for his termination. Giberson has failed to produce any evidence that Fleet's asserted reasons for his termination were pretextual or that the real reason for his termination was age. The judgment of the district court is affirmed.

AFFIRMED

3